[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12286

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

VICTOR ELIAS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Georgia
D.C. Docket No. 7:19-cr-00037-HL-TQL-1

_____

Before WILSON, JILL PRYOR, and BRANCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Victor Elias appeals his 120-month sentence that he received after pleading guilty to one count of possession of child pornography. First,[1] he argues that the mandatory minimum sentence imposed by 18 U.S.C. § 2252(b)(2) violates the Eighth Amendment because it prevents the district court from exercising its discretion in sentencing. Second, he argues that U.S.S.G. § 2G2.2(b)(4) is unconstitutional because it is vague under the Due Process Clause, of presumably the Fifth Amendment, and allows for arbitrary enforcement because it does not clarify what the terms "sadistic" or "masochistic" mean. Lastly, he argues that his sentence was substantively unreasonable. After careful review, we affirm.

Turning to Elias's first argument, we review the legality of a sentence, such as under the Eighth Amendment, de novo. *United States v. Moriarty*, 429 F.3d 1012, 1023 (11th Cir. 2005) (per curiam). The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. amend. VIII. The Supreme Court has made clear that "[s]evere, mandatory penalties may be *cruel*, but they are not *unusual*." *Harmelin v. Michigan*, 501 U.S. 957, 994 (1991) (emphasis added). Accordingly,

---

[1] We have reordered and separated Elias's arguments for clarity.

mandatory minimum sentences in non-capital cases are constitutional. *See id.*

Here, Elias pleaded guilty to one count of possession of child pornography in violation of 18 U.S.C. § 2252(b)(2)—knowingly possessing or accessing with intent to view a visual depiction of a minor engaging in sexually explicit conduct—which carries a mandatory minimum sentence of 120 months.    18 U.S.C. § 2252(a)(4)(B).  We are bound by the Supreme Court's holding that mandatory minimum sentences in non-capital cases are constitutional.[2] *See Harmelin*, 501 U.S. at 994.  Thus, Elias's mandatory minimum sentence of 120 months does not violate the Eighth Amendment.

Turning to Elias's second argument, we review a constitutional challenge to the guidelines, when appropriate, de novo. *United States v. Matchett*, 802 F.3d 1185, 1191 (11th Cir. 2015).  But if a sentence would be the same regardless of a potential error, we have the discretion to forgo discussion of the alleged error.  *See United States v. Rice*, 43 F.3d 601, 608 n.12 (11th Cir. 1995).  Specifically, we have noted that, when the district court correctly imposes a statutory mandatory minimum sentence greater than a defendant's guideline range, "any error in the guidelines calculations

---

[2] We have also found that mandatory minimums are not unconstitutional. *See United States v. Farley*, 607 F.3d 1294, 1345 (11th Cir. 2010) (finding that the mandatory minimum for violating 18 U.S.C. 2241(c) (aggravated sexual abuse with a child) did not violate the Eighth Amendment against cruel and unusual punishment).

is harmless and we need not address these arguments." *United States v. Raad*, 406 F.3d 1322, 1323 n.1 (11th Cir. 2005) (per curiam).

Because Elias's sentence would remain the same, the mandatory minimum of 120 months as required by statute, any possible guideline error was harmless. Thus, we do not need to address Elias's Due Process Clause challenge.

Lastly, Elias makes the conclusory assertion in his Statement of Issues that his sentence is unreasonable. We review whether the district court's sentence is reasonable for an abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). The appellant has the burden of proving that his "sentence is unreasonable in light of the entire record, the 18 U.S.C. § 3553(a) factors, and the substantial deference afforded sentencing courts." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015).

However, when fashioning a reasonable sentence under § 3553(a), a court may not sentence a defendant below a mandatory minimum. *United States v. Castaing-Sosa*, 530 F.3d 1358, 1362 (11th Cir. 2008). Section 3553(a) "does not confer upon the district court the authority to sentence a defendant below the statutory mandatory minimum based on its consideration of the § 3553(a) factors." *Id.* at 1361. The Supreme Court "made advisory the Sentencing Guidelines, not statutory mandatory minimums enacted by Congress," and thus § 3553(a) does not apply. *Id.* at 1362 (citing *United States v. Booker*, 543 U.S. 220 (2005)). Thus, Elias's sentence is not substantively unreasonable because the district court properly imposed the statutory minimum sentence of 120 months.

21-12286                 Opinion of the Court                 5

Accordingly, we find no error in the district court sentencing Elias to the mandatory minimum of 120 months as required by statute.

**AFFIRMED.**